Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
NICHOLAS THURKETTLE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| NICHOLAS THURKETTLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST LAW OFFICES, P.C.,<br>and ADIR INTERNATIONAL, LLC,<br>d/b/a Curacao,<br><br>　　　　Defendants. | **Case No.:** 8:21-cv-64<br><br>**PLAINTIFF'S COMPLAINT** |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, NICHOLAS THURKETTLE ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SOUTHWEST LAW OFFICES, P.C. and ADIR INTERNATIONAL, LLC, d/b/a Curacao ("Southwest" and "Curacao" respectively and "Defendants" collectively):

# INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts II and III of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

# JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k, as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

# PARTIES

6. Plaintiff is a natural person residing in Huntington Beach, Orange County, State of California.

7. Plaintiff is a consumer and a debtor as those terms are defined by the FDCPA and RFDCPA respectively.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the RFDCPA.

9. Southwest is a debt collector as that term is defined by the FDCPA and the RFDCPA.

10. Curacao is a debt collector as that term is defined by the RFDCPA.

11. Southwest is a California professional corporation headquartered in the City of Los Angeles, Los Angeles County, State of California.

12. Curacao is a Delaware-organized limited liability company based in the City of Los Angeles, Los Angeles County, State of California.

13. Defendants are business entities engaged in the collection of debt within the State of California.

14. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

15. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Southwest it is assigned a file number.

17. The principal purpose of Southwest's business is the collection of debts allegedly owed to third parties.

18. Southwest regularly collects, or attempts to collect, debts allegedly owed to

third parties.

19. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a furniture purchase from Curacao.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. At all times relevant hereto, Southwest was engaged by Curacao to collect the alleged debt from Plaintiff on Curacao's behalf.

24. Plaintiff does not owe the alleged debt that Defendants seek to collect.

25. Southwest calls and sends text messages to Plaintiff's cellular telephone at xxx-xxx-7106, in an attempt to collect the alleged debt.

26. Since Southwest started calling and texting Plaintiff, Plaintiff has requested that Southwest stop calling and sending text messages to Plaintiff on several

occasions.

27. Since Southwest started calling and sending text messages to Plaintiff, Plaintiff has requested that Southwest remove Plaintiff from Southwest's contact list on several occasions.

28. Since Southwest started calling and sending text messages to Plaintiff, Plaintiff has informed Southwest that he is not the debtor that Southwest seeks to collect from on several occasions.

29. On or about March 14, 2019 at 1:16 p.m., Southwest sent the following text message to Plaintiff:

    a. "ALONSO DIAZ, Pls call Southwest Law Office Collection 855-777-1978 ref: 395209 Ext 271, Any info obtained will be used to recover a debt. Let us help"

30. On or about March 14, 2019 at 1:18 p.m., Plaintiff responded to Southwest's text message as follows:

    a. "STOP. REMOVE FROM LIST. I AM NOT ALONSO DIAZ. I HAVE REPEATEDLY COMMUNICATED THIS TO COLLECTORS. ANY FURTHER COMMUNICATION FROM SOUTHWEST LAW OFFICE COLLECTION TO THIS NUMBER WILL LEAD TO AN FCC COMPLAINT AND FILING WITH STATE BAR FOR HARASSMENT."

31. Despite the foregoing, Southwest continued to send text messages to Plaintiff in an attempt to collect the alleged debt including, but not limited to, on or about March 22, 2019, January 17, 2020, June 22, 2020 and August 27, 2020.

32. Southwest's above-referenced actions were calculated to coerce Plaintiff into

payment of the alleged debt which he does not owe.

33. The natural consequences of Southwest's statements and actions was to produce an unpleasant and/or hostile situation between Southwest and Plaintiff.

34. The natural consequences of Southwest's actions was to cause Plaintiff mental distress.

35. The natural consequences of Southwest's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

**COUNT I**
**SOUTHWEST LAW OFFICES, P.C. VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

36. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Southwest violated the FDCPA based on the following:

   a. Southwest violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Southwest called and sent text messages to Plaintiff at an annoying and harassing rate and then continued to do so even after Plaintiff requested that Southwest stop calling and sending text messages to Plaintiff;

   b. Southwest violated § 1692d(5) of the FDCPA by causing a telephone

to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Southwest called and sent text messages to Plaintiff at an annoying and harassing rate and then continued to do so even after Plaintiff requested that Southwest stop calling and sending text messages to Plaintiff;

c. Southwest violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Southwest engaged in at least the following discrete violations of § 1692e;

d. Southwest violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Southwest attempted to collect a debt from Plaintiff which Plaintiff does not owe; and

e. Southwest violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Southwest engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, NICHOLAS THURKETTLE, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, P.C., for the following:

38. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

39. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

40. Any other relief that this Honorable Court deems appropriate.

**COUNT II**
**SOUTHWEST LAW OFFICES, P.C. VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

42. Southwest violated the RFDCPA based on the following:

 a. Southwest violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Southwest called and sent text messages to Plaintiff at an annoying and harassing rate and then continued to do so even after Plaintiff requested that Southwest stop calling and sending text messages to Plaintiff;

 b. Southwest violated § 178811(e) of the RFDCPA by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances, when Southwest called and sent text messages to Plaintiff at an annoying and harassing rate and then continued to do so

even after Plaintiff requested that Southwest stop calling and sending text messages to Plaintiff; and

c. Southwest violated the § 1788.17 of the RFDCPA by failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 *et seq.* as detailed *supra* in Count I.

WHEREFORE, Plaintiff, NICHOLAS THURKETTLE, respectfully requests judgment be entered against Defendant, SOUTHWEST LAW OFFICES, P.C., for the following:

43. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

44. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

45. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## ADIR INTERNATIONAL, LLC, d/b/a Curacao VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff repeats and re-alleges paragraphs one (1) through thirty-five (35) of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

47. As alleged above, Curacao is a debt collector as defined by the RFDCPA.

48. Curacao engaged the services of fellow debt collector Southwest to collect the alleged debt from Plaintiff.

49. Curacao has the burden to monitor the activities of Southwest.

50. Southwest violated the RFDCPA.

51. Curacao is vicariously liable for the unlawful collection activities carried out by Southwest on its behalf.

WHEREFORE, Plaintiff, NICHOLAS THURKETTLE, respectfully requests judgment be entered against Defendant, ADIR INTERNATIONAL, LLC, d/b/a Curacao, for the following:

52. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

53. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

54. Any other relief that this Honorable Court deems appropriate.

DATED: January 13, 2021

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff
NICHOLAS THURKETTLE